# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| LARRY DEWAYNE MCNEIL, | |
| Plaintiff, | CIVIL ACTION NO.: 2:16-cv-73 |
| v. | |
| PRESTON BOHANNON; DUANE KIRBY; BRENT MERRITT; and JUSTIN SANDERS, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Johnson State Prison in Wrightsville, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983 contesting certain events allegedly occurring in Hazlehurst, Georgia. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff filed his Complaint against the above-named Defendants on May 23, 2016. (Id.) Plaintiff asserts in his Complaint that Defendants violated his Fourteenth Amendment right to due process when they allegedly revealed his identity as a confidential informant to drug suppliers. (Id. at p. 10.) Plaintiff also contends that Defendants violated his due process rights when they broke state law by "conspir[ing] to use[ ] Plaintiff . . . as a confidential informant without a contract[.]" (Id. at p. 9.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment

of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A

plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Claims of Due Process Violations

Plaintiff contends that Defendants violated his due process rights when they allegedly revealed his identity as a confidential drug informant. "The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). However, Plaintiff makes no allegations that his life, liberty, or property have been deprived by Defendants' actions. He simply states, in a conclusory fashion, that Defendants "caused Plaintiff McNeil pain, suffering, injury, and emotional distress." (Doc. 1, p. 9.) Plaintiff provides no other facts supporting

3

injury, the threat of injury, or any other deprivation based on Defendants allegedly revealing his identity to drug suppliers. However, even if there were threats, "[g]enerally a person does not have a constitutional right under the Fourteenth Amendment to be protected from the criminal acts of third parties." Mitchell v. Duval Cty. Sch. Bd., 107 F.3d 837, 838 (11th Cir. 1997) (citing DeShaney v. Winnebago Cty. Dep't. of Soc. Servs., 489 U.S. 189, 195 (1989)) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors[.]").

Although some courts have read in a duty to protect predicated on a "special relationship" or "state created danger" theory, the Eleventh Circuit Court of Appeals has held that these doctrines are no longer valid. See Waddell v. Hendry Cty. Sheriff's Off., 329 F.3d 1300, 1305 (11th Cir. 2003); White v. Lemacks, 183 F.3d 1253, 1257–59 (11th Cir. 1999). Instead, conduct by a government actor rises to the "level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." Waddell, 329 F.3d at 1305 (citing Collins v. City of Harker Heights, 503 U.S. 115 (1992)). In defining what type of egregious behavior shocks the conscience, the Eleventh Circuit has held that "*at the very least*, [it] require[s] a showing of deliberate indifference to an extremely great risk of serious injury to someone in [Plaintiff's] position." Vaughn v. City of Athens, 176 F. App'x 974, 977 (11th Cir. 2006) (emphasis in original) (citation omitted); see also Davis v. Carter, 555 F.3d 979, 983 n.3 (11th Cir. 2009) ("[T]he court did not rule out that 'the correct legal threshold for substantive due process liability . . . is actually far higher.'" (citation omitted)).

In the current case, even accepting Plaintiff's allegations as true, Defendants' alleged conduct does not rise to the level of behavior that "shocks the conscience." Although Plaintiff alleges that Defendants revealed his identity to a known drug supplier, Plaintiff does not assert

any facts which could amount to a plausible claim that he suffered an "extremely great risk of serious injury." Plaintiff makes a conclusory claim that he will "continue to be irreparably injured by the conduct of the Defendants [sic] action," but provides no further details as to what that injury is. (Doc. 1, p. 11.) While Plaintiff is a *pro se* litigant and as such, the Court will liberally construe his Complaint, Plaintiff must still assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

Plaintiff also alleges that Defendants violated his due process rights when they "failed to meet the state requirements" by employing him without a contract and revealing his identity. (Doc. 1, pp. 9–10.) However, even conduct that would "amount to an intentional tort under state law" is not considered a due process violation unless it also "shocks the conscience." Waddell, 329 F.3d at 1305 (citing Dacosta v. Nwachukwa, 304 F.3d 1045, 1048 (11th Cir. 2002)). Furthermore, a state law violation itself is not enough to support a Section 1983 claim. See Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002) ("While the violation of state law may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under section 1983"). Accordingly, this Court should **DISMISS** Plaintiff's due process claims.

## II. State Law Claims

Plaintiff attempts to bring various state law claims via his Complaint, but the Court should decline to exercise jurisdiction over those claims. "[I]n any civil action of which the district courts have original jurisdiction," district courts also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). "The dismissal of [Plaintiff's] underlying federal question claim does not deprive the court of supplemental jurisdiction over the remaining state law claims." Baggett v. First Nat'l Bank of Gainesville, 117

F.3d 1342, 1352 (11th Cir. 1997). Instead, pursuant to 28 U.S.C. § 1367(c), "the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the court has dismissed all claims over which it had original jurisdiction, but the court is not required to dismiss the case." Id. "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Id. at 1353.

While the Court has the discretion to retain jurisdiction over state law claims after dismissing federal claims, the law cautions against doing so. Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (in its discretion the district court may dismiss State law claims after dismissing federal claims; "[m]ore specifically . . . if the federal claims are dismissed prior to trial, [United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)], strongly encourages or even requires dismissal of state claims") (quotes and citation omitted); accord Granite State Outdoor Advertising, Inc. v. Cobb Cty., Ga., 193 F. App'x 900, 907 (11th Cir. 2006). When exercising its discretion, the Court takes into consideration that "state courts, not federal courts, should be the final arbiters of state law." Ingram v. Sch. Bd. of Miami-Dade Cty., 167 F. App'x 107, 108 (11th Cir. 2006); see also Hicks v. Moore, 422 F.3d 1246, 1255 n.8 (11th Cir. 2005) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") (internal quotation and citation omitted); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Consequently, the Court should decline to retain jurisdiction over Plaintiff's state law claims and **DISMISS** those claims **WITHOUT PREJUDICE**.

### III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

### CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this

case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA